UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOGUIDICE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, *et al.*,<br><br>Defendant. | Case No. 1:18-cv-01652-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF PROCEED ON THE COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ORDER REQUESTING THAT CALIFORNIA OFFICE OF THE ATTORNEY GENERAL RESPOND TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF Nos. 1, 3 |

Plaintiff Thomas Loguidice is appearing without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed November 28, 2018, is before the court for screening under 28 U.S.C. § 1915A. ECF No. 1. The court finds that plaintiff has stated a cause of action against defendant Rich for deliberate indifference to serious medical needs in violation of the Eighth Amendment. The court will authorize service of the complaint on defendant.

Along with his complaint, plaintiff has moved "for an order upon the defendants to show cause why an injunction should not issue preventing defendants from denying plaintiff the diabetic medical care he needs, and, from accusing plaintiff of attempting to keep insulin

1

syringes after the insulin injection is administered." ECF No. 3 at 1. The court will construe the motion as a motion for preliminary injunction and will request that the California Office of the Attorney General respond.

## I. SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. THE COMPLAINT[1]

The court draws the following facts from plaintiff's complaint and accepts them as true for screening purposes. ECF No. 1; ECF No. 3 at 4. Plaintiff is incarcerated at Sierra Conservation Center ("SCC"). *Id.* at 1. Plaintiff names two defendants: California Correctional Health Care Services and Rich, a Licensed Vocational Nurse at SCC. *Id.*

In the standardized complaint template used by plaintiff, he alleges the following facts:

> California Correctional Health Care Services (CCHCS) medical personnel at Sierra Conservation Center (SCC) have repeatedly subjected Plaintiff to deliberate acts designed to prevent the Plaintiff from receiving medical treatment for his diabetic condition. Plaintiff is a diabetic who must receive insulin injections, as well as controlling his dietary intake to maintain fluctuating glucose levels. CCHCS medical personnel know that Plaintiff suffers a serious diabetic medical condition, yet are continually depriving Plaintiff the treatment he needs.

ECF No. 1 at 3. In the supplement to his complaint, plaintiff alleges that on October 19, 2018, "LVN Rich falsely accused [him] of trying to keep a syringe right after [he] received [his] insulin shot." ECF No. 3 at 4. Thereafter, plaintiff's cell was searched, and prison officials seized his "personally owned glucometer," which he alleges is an "allowable property item." *Id.* Plaintiff alleges that whenever he sees the medical personnel of SCC, "there is always some drama created against [him] in some way or another to harass [him] and intimidate [him]." *Id.* Plaintiff "had to stop going for [his] insulin because [he] fear[s] that [he] will be again falsely accused of keeping a syringe." *Id.*

Plaintiff alleges that the reprisals by CCHCS staff constitute "retribution for filing administrative grievances." ECF No. 1 at 4. As a result of defendants' actions, plaintiff states that he "is currently at risk of coma or death due directly to defendants CCHCS denying treatment by accusing plaintiff of trying to keep diabetic syringes after an insulin injection." *Id.* at 3.

---

[1] Plaintiff's motion for injunctive relief, which accompanied the complaint, included a sworn declaration. ECF No. 3 at 4. In the interests of justice and judicial economy, the court will treat this declaration as a supplement to the complaint.

The court construes plaintiff's complaint as bringing two claims: retaliation in violation of the First Amendment and deliberate indifference to serious medical need in violation of the Eighth Amendment.

**III. DISCUSSION**

**A. Requirements under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Suits against such entities for injunctive relief are also generally barred. *See Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002). Here, the California Correctional Health Care Services is a state agency and is therefore immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against the California Department of Corrections and Rehabilitation for damages and injunctive relief were barred by Eleventh Amendment immunity); *Diaz v.*

*CDCR*, No. 2:17-CV-0235 KJN P, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) ("The California Department of Corrections and Rehabilitation ('CDCR'), California Correctional Health Care Services ('CCHCS'), High Desert State Prison, and Health Care Appeals office, are not proper defendants."); *McCoy v. California Corr. Health Care Servs.*, No. 2:14-CV-1140 DAD P, 2014 WL 3689526, at *3 (E.D. Cal. July 21, 2014) ("'California Correctional Health Care Services' is not a proper defendant in this § 1983 action.").

On the other hand, defendant LVN Rich—a state prison employee who can be inferred to have acted under color of state law—is a proper defendant. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). Moreover, plaintiff plausibly alleges that defendant LVN Rich personally participated in the alleged deprivations. LVN Rich allegedly "falsely accused [plaintiff] of trying to keep a syringe right after [plaintiff] received [his] insulin shot," ECF No. 3 at 4, which constitutes an "affirmative act," *Preschooler II*, 479 F.3d at 1183.

The remaining question is whether defendant LVN Rich's alleged actions violated federal law.

### B. Retaliation in Violation of the First Amendment

Prisoners have First Amendment rights to file prison grievances and to pursue civil rights litigation in the courts. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Prisoners may not be retaliated against for exercising their right of access to the courts, *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995), and this protection extends to established prison grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *abrogated on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001). Without these constitutional guarantees, "inmates would be left with no viable mechanism to remedy prison injustices." *Rhodes*, 408 F.3d at 567. Because "purely retaliatory actions taken against a prisoner for having exercised [his or her rights to file prison grievances and to pursue civil rights litigation] necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*; *see also Pratt v. Rowland*, 65 F.3d 802, 806 & n.4

(9th Cir. 1995).

Retaliation by a state actor for a prisoner's exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly addressed in the Constitution, is actionable because retaliatory actions may chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). In the prison context, a "viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68 (footnote omitted). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. *See Pratt*, 65 F.3d at 806.

While the prisoner must allege that a defendant's actions caused him some injury, *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000), the prisoner need not demonstrate a total chilling of his First Amendment rights in order to establish a retaliation claim, *see Rhodes*, 408 F.3d at 568-69 (rejecting argument that inmate did not state a claim for relief because he had been able to file inmate grievances and a lawsuit). It is enough that a prisoner's First Amendment rights were chilled. *Id.* at 569 (holding that destruction of inmate's property and assaults on inmate enough to chill inmate's First Amendment rights and state retaliation claim, even if inmate filed grievances and a lawsuit).

Here, the court finds that plaintiff has not stated a cognizable First Amendment retaliation claim against defendant Rich. Plaintiff alleges that reprisals by CCHCS staff constitute "retribution for filing administrative grievances," ECF No. 1 at 4, but he does not directly implicate Rich. Plaintiff's only accusation against Rich is that he "falsely accused [plaintiff] of trying to keep a syringe right after [plaintiff] received [his] insulin shot." ECF No. 3 at 4.

Plaintiff does not, however, allege that Rich made the accusation "(2) because of (3) [plaintiff]'s protected conduct." *Rhodes*, 408 F.3d at 567-68 (footnote omitted). Thus, plaintiff must plead additional facts to state a retaliation claim against Rich. Plaintiff may amend his complaint to add allegations that could constitute a First Amendment retaliation claim against Rich.

### C. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of*

*Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)

Here, the court finds that plaintiff's complaint, liberally construed, has stated a cognizable deliberate indifference claim against defendant Rich. Plaintiff's diabetes is "a serious medical need," and plaintiff has plausibly alleged that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. Specially, plaintiff alleges that "medical personnel at Sierra Conservation Center (SCC) have repeatedly subjected Plaintiff to deliberate acts designed to prevent the Plaintiff from receiving medical treatment for his diabetic condition." ECF No. 1 at 3. The court infers that defendant Rich's alleged false accusation is one of the "acts designed to prevent the Plaintiff from receiving medical treatment." *Id.*

**IV. MOTION FOR INJUNCTIVE RELIEF**

On February 23, 2018, plaintiff moved the court "for an order upon the defendants to show cause why an injunction should not issue preventing defendants from denying plaintiff the diabetic medical care he needs, and, from accusing plaintiff of attempting to keep insulin syringes after the insulin injection is administered." ECF No. 3 at 1. In the caption of this motion, plaintiff refers to it as a motion for a temporary restraining order and injunctive relief. *Id.* The court will construe the motion as a motion for preliminary injunction, rather than a motion for a temporary restraining order, because plaintiff has failed to "certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. Proc. 65(b)(1)(B) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.").

In his motion, plaintiff alleges that "CCHS medical personnel have and continue to interfere with Plaintiff's need for insulin to treat his diabetic condition[,] resulting in a risk to serious health complications or death." *Id.* at 2. Specifically, in his declaration, plaintiff alleges that on "10-19-2018 LVN Rich falsely accused [him] of trying to keep a syringe right after [he] received [his] insulin shot." *Id.* at 3. Thereafter, plaintiff alleges that his cell was searched, and that prison officials seized his "personally owned glucometer," which he alleges is an "allowable property item." *Id.* Plaintiff further alleges that he "had to stop going for [his] insulin because [he] fear[s] that [he] will be again falsely accused of keeping a syringe." *Id.*

Plaintiff has alleged that he faces "a risk to serious health complications or death." *Id.* at 2. We will request that the California Office of the Attorney General file a response to plaintiff's motion for injunctive relief.

## V. CONCLUSION

The court has screened plaintiff's complaint and finds that plaintiff has stated a deliberate indifference claim against defendant Rich. The court will recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint. We will also ask that the California Office of the Attorney General respond to plaintiff's motion for injunctive relief.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's

rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## VI. ORDER

1. The court orders that this action proceed against defendant Rich the claim of deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment.
2. The court hereby directs service on defendant Rich, a Licensed Vocational Nurse at Sierra Conservation Center.
3. The clerk of court shall send plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint dated November 28, 2018, ECF No. 1.
4. Within thirty (30) days of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:
    a. A completed summons for each defendant;
    b. A completed USM-285 form for each defendant; and
    c. Two (2) copies of the endorsed complaint filed on November 28, 2018, ECF No. 1.
5. Plaintiff need not attempt service on defendant and need not request waiver of service.

1. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above-named defendant under Federal Rule of Civil Procedure 4 without payment of costs by plaintiff.

6. Plaintiff's failure to comply with this order may result in the dismissal of this action.

7. The clerk of court is directed to serve Supervising Deputy Attorney General Monica Anderson with the following:

    a. a copy of this order;

    b. a copy of plaintiff's complaint, ECF No. 1; and

    c. a copy of plaintiff's motion for injunctive relief, ECF No. 3.

8. Given the gravity and urgency of plaintiff's allegations, the court requests that, within ten (10) days from the date of service of this order, the California Office of the Attorney General file a response to plaintiff's motion for injunctive relief.

9. The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**VII. RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a deliberate indifference claim against defendant Rich.

2. Plaintiff's remaining claims should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint within thirty (30) days.

3. If plaintiff files an amended complaint, defendant Rich should not be required to file a responsive pleading until the court screens the amended complaint.

Within fourteen (14) days of service of these findings and recommendations, plaintiff

11

may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 5, 2018

_____
UNITED STATES MAGISTRATE JUDGE