UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOGUIDICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01652-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 30 |

Plaintiff Thomas Loguidice is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that medical personnel at his prison prevented him from receiving medical treatment for diabetes in violation of the Eighth Amendment. *See* ECF No. 1. On February 26, 2019, the district court dismissed all claims except plaintiff's claim that defendant Rich was deliberately indifferent to his serious medical needs. ECF No. 26. On June 7, 2019, defendant Rich filed a motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF No. 30. Plaintiff has not responded to the motion.[1]

---

[1] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion via an attachment to defendant's motion for summary judgment. *See* ECF No. 30-2.

1

We recommend that the court grant defendant's motion for summary judgment. The remaining complaint against defendant Rich, as screened by this court, concerns events that took place on October 19, 2018. *See* ECF No. 3 at 4; ECF No. 10 at 3. Plaintiff filed this lawsuit on November 28, 2018. ECF No 1. There was, in other words, slightly over one month between the alleged events that precipitated the lawsuit and plaintiff filing the lawsuit. Defendant Rich has submitted evidence, which plaintiff does not contest and which the court finds persuasive, that plaintiff has submitted only one healthcare grievance since October 19, 2018. The administrative review of that grievance was completed on April 4, 2019—more than four months after plaintiff filed this lawsuit. *See* ECF No. 30-3 at 3. The court has considered this grievance and finds that it covers the same basic allegations at issue in this lawsuit. *See* ECF No. 31 at 12.

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). In this case, the administrative process of the California Department of Corrections and Rehabilitation provides the relevant administrative process that must be exhausted. *See* Cal. Code Regs. tit. 15, §§ 3999.226, 3999.227(a).

A prisoner may not exhaust his administrative remedies after initiating federal litigation. *See Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further [the Prison Litigation Reform Act's] objectives.").

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a

summary judgment motion for failure to exhaust, the defendant has the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendant, however. *Id.*

Because the court is persuaded that defendant has carried the burden of proof, and because there is no genuine dispute as to any material facts, the court finds summary judgment in favor of the remaining defendant is appropriate.

**FINDINGS AND RECOMMENDATIONS**

Because the court finds that defendant Rich has met the burden on summary judgment, we recommend that:

1. Defendant Rich's motion for summary judgment for failure to exhaust administrative remedies, ECF No. 30, be granted.

2. The case be dismissed without prejudice.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: February 9, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.